## SUPREME COURT—IN BANCO.

### JULY TERM—1873.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

### AHIU *vs.* LAMBERT.

THE CONSIGNOR of freight may sue the captain for non-delivery after demand made by the consignee.

The plaintiff gave the defendant, master of the schooner Jenny, $54.00 at Kauai to deliver to one Chung Hoon, in Honolulu, taking the defendant's receipt therefor. The said Chung Hoon was absent from Honolulu on the arrival of the schooner, but his clerk requested the defendant to deliver him the money, to which the defendant replied, that the money was deposited with Foster & Co., the agents and owners of the schooner. The clerk went several times to the office of the agents without finding them, and the money was not delivered as agreed. The suit was brought for non-delivery. The defendant's counsel claimed that the right of

action was in the consignee, Chung Hoon, and not in the consignor ; also, that the circumstances show no conversion of the money by the defendant, but show that he had done all that was reasonable in delivering the money to the schooner's owners.

The Court, ALLEN, C. J., gave judgment for the plaintiff, and exception thereto was taken and allowed.

OPINION OF THE COURT BY HARTWELL, J.

We think the consignor can sue for non-delivery of the money as agreed, after the demand made by the consignee's clerk. There is no inference in the case that the property had passed to the consignee, rather the contrary, if any presumption were made. The carrier was of the consignor's choosing, and the money was not sent on an order by the consignee. Re-delivery to the consignor would be a good defense to a suit by the consignee. There is privity of contract between the consignor and the defendant, and an action lies for breach thereof. The declaration is sufficient for an action of contract.—Smith's Merc. Law, 361 ; Chitty's Contracts, 421 ; 1 Parsons' Mar. Law, 212, *et seq.*

Exception overruled.

E. Preston for plaintiff.
A. F. Judd for defendant.